UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HORACE M. RAINEY, JR.,

    Plaintiff,

v.                                                             Case No.: 8:08-cv-2013-T-24-EAJ

AARON RENTS, INC.,

    Defendant.

_____/

## ORDER

This cause comes before the Court on Plaintiff Aaron Rents, Inc.'s Motion for Summary Judgment filed on July 1, 2009. (Doc. Nos. 14, 15.) Plaintiff Horace M. Rainey, Jr., who is proceeding pro se,[1] has not responded to the motion despite the Court's show cause order. (Doc. No. 17.) In that order, the Court directed Rainey to respond by August 3, 2009, or else the Court would consider the motion to be unopposed.

Plaintiff Rainey brought this two-count complaint against his former employer, Defendant Aaron Rents, Inc. under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2615, *et seq.* In Count I of his verified complaint, Rainey alleges that Aaron Rents interfered with his right to take FMLA leave and be restored to his position at the conclusion of such leave by terminating his employment. In Count II, Rainey alleges that Aaron Rents retaliated against him by terminating his employment after he was on leave. Aaron Rents denies that it interfered with Rainey's FMLA rights or retaliated against him.

---

[1]Plaintiff's counsel withdrew representation after a hearing on May 19, 2009. (Doc. No. 13.)

**I.    Facts**

The following undisputed facts are established in the record: Rainey began working for Aaron Rents as a Parts Technician in April of 2006 at the company's Lakeland, Florida store. Aaron Rents sells and rents residential and office furniture, consumer electronics, home appliances and accessories. Rainey's job duties included dealing with the public, setting up and giving customers a demonstration of the furniture, greeting them, driving a truck, making deliveries to customers' homes and setting up the furniture. Rainey went to approximately 35 customer homes per week. He interacted with about 35 customers per week inside the store.

In the morning of May 13, 2008, Customer Service Representative Fatima Anderson was speaking to Rainey in the front of the store when Rainey told Anderson that he was going to "kill the bitch" (referring to his girlfriend), and then he began to leave the store. Rainey's girlfriend worked in the same shopping center where Aaron Rent's Lakeland store was located. Anderson had to physically hold Rainey back until he calmed down. Anderson reported this incident to General Manager Louis Batides. Batides, in turn, reported this incident to Regional Manager Dwayne Brown.

Later that same morning, Rainey grabbed duct tape and wrapped it around his neck in an attempt to kill himself. His co-worker, Steve Eckelson, saw this and grabbed the duct tape away from him.

Shortly thereafter on the same day, Rainey grabbed a truck strap, tied it to the ceiling, put it around his neck, and hung himself in a second suicide attempt. Rainey passed out. Eckelson found Rainey hanging and cut him down from the ceiling. Rainey woke up. At his deposition, Rainey later admitted that he chose an isolated location of the store to attempt suicide and that he

had attempted suicide while at Aaron Rents on two separate occasions that day.

General Manager Batides immediately called 911. The emergency medical technician took Rainey to the hospital where he was "Baker Acted" for three days. On the third day of his hospital stay, Rainey called to inform Batides that his doctor would be releasing him to return to work. While Rainey was in the hospital, Aaron Rents placed him on leave. After he was released from the hospital on May 16, 2008, Aaron Rents gave Rainey an additional week of paid leave.

During the same time, Regional Manager Brown decided to terminate Rainey. Brown made this decision because Rainey had attempted suicide at work, while on the job, and in front of his co-workers, and because he was very concerned about the safety and security of Rainey's co-workers and customers. In making the decision, Brown also considered that Rainey had threatened to kill his girlfriend who worked in the same shopping center. Furthermore, Brown believed that Rainey's conduct was a violation of the company's workplace violence and safety rules policies. Brown informed Rainey that he was terminated because he was a safety and security risk, and because he was a potential liability due to his past violent conduct.

At his deposition, Rainey admitted that the reason he was terminated was because he attempted suicide at Aaron Rents and because Aaron Rents was concerned he may do something to endanger others. He further admitted that Aaron Rents did not retaliate against him in violation of the FMLA, that he never requested FMLA leave, that he was treated fairly during his employment. He testified that he believes that Aaron Rents interfered with his right to FMLA leave by not sending him to a psychiatrist for evaluation.

## II. Discussion

Aaron Rents now moves for summary judgment on Counts I and II of the verified complaint. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Having reviewed the entirety of the record, and based on the unopposed arguments presented in Aaron Rents's motion and supporting exhibits, the Court concludes that summary judgment is appropriate.

### A. Count I: FMLA Interference Claim

In Count I of his complaint, Rainey alleges that Aaron Rents interfered with his FMLA rights by terminating him. At his deposition, however, Rainey limited his interference claim to the allegation that Aaron Rents failed to send him to a psychiatrist for evaluation. The failure to send an employee to a psychiatrist is not a violation of the FMLA. The purpose of the FMLA is to entitle employees to take reasonable leave for medical reasons. *See* 29 U.S.C. § 2601. There is nothing in the FMLA that requires an employer to send an employee for a medical evaluation by a psychologist. Therefore, summary judgment is appropriate on this basis alone.

However, to the extent that Rainey alleges that Aaron Rents interfered with his FMLA rights by terminating his employment, the undisputed record evidence establishes that Aaron Rents would have terminated Rainey's employment even if he had not been on leave. The undisputed record evidence shows that Rainey was terminated because he attempted suicide in Aaron Rents store, while on the job, and in front of his co-workers. His conduct violated the company's work place and safety policies.

An employer may deny an employee who is on leave the right to reinstatement, if the employer can demonstrate that it would have terminated had he not been on leave. 29 U.S.C. § 2614(a)(3) (qualifying the right to reinstatement so that an employee returning from leave is not entitled to "any right, benefit, or position of employment other than any . . . to which the employee would have been entitled had the employee not taken the leave"); *Strickland v. Water Works & Sewer Bd.,* 239 F.3d 1199, 1208 (11th Cir. 2001); *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1354 (11th Cir. 2000). There is no record evidence that Rainey was terminated because he was on leave. To the contrary, the undisputed record shows that Aaron Rents would have terminated Rainey, even if he had not been on leave, because he posed a safety and security risk to company workers and customers and because his conduct violated workplace policies. Indeed, even Rainey admitted at his deposition that he was terminated because he tried to commit suicide while at work and because the company was concerned he may do something to endanger others. Accordingly, Aaron Rents is entitled to summary judgment on Plaintiff's FMLA interference claim.

### B. Count II: FMLA Retaliation Claim

In Count II of his complaint, Rainey alleges that Aaron Rents terminated his employment in retaliation for exercising his rights under the FMLA. Later, at his deposition, Rainey recanted this claim when he testified that he did not believe that he was retaliated against. Nevertheless, Aaron Rents is entitled to summary judgment on this claim.

"[T]o succeed on a retaliation claim, an employee must demonstrate that his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right." *Strickland*, 239 F.3d at 1207. The employee must prove the

5

employer's actions "were motivated by an impermissible retaliatory or discriminatory animus." *Id.* Here, Rainey has not presented any evidence that Aaron Rents, with the requisite intent, retaliated against him for requesting or taking leave.

Rainey has not established a prima facie case of FMLA retaliation because there is no causal connection between his leave and termination. Although Rainey was terminated immediately after he returned from leave, this fact alone is insufficient to create a genuine issue of fact that his leave caused his termination. "[C]lose temporal proximity in time between the protected activity an the adverse employment decision does not, standing alone, establish the third element of a prima facie case." *Id.* at 1207, n.10. Rainey did not present any evidence that Regional Manager Brown decided to terminate Rainey because he had taken leave. Instead, the undisputed evidence shows that Rainey would have been terminated regardless of whether he took leave because his continued employment posed a safety and security risk and because he violated workplace policies. *See e.g., Robinson v. AFA Serv. Corp.*, 870 F. Supp. 1077, 1085-86 (N.D. Ga. 1994) (finding no causal connection where, although the employer terminated the plaintiff one day after learning of her protected activity, the employer previously had warned the plaintiff about her unacceptable performance and already had decided to fire the employee).

Finally, Rainey has failed to show that Aaron Rents's legitimate, non-discriminatory reason for terminating him–that he posed a safety and security risk to company employees and customers and that his conduct violated workplace policies–was pretextual. The Court is persuaded by the factually similar case of *Spades v. City of Walnut Ridge*, 186 F.3d 897 (8th Cir. 1999). There, the appellate court affirmed the entry of summary judgment for the city employer, holding that a police officer who had attempted suicide using a gun issued by the city could be

terminated because "[i]ncreased potential liability associated with an employee's past activities is a legitimate concern of the City, particularly when there is known violent behavior." *Id.* at 900. The court acknowledged that the increased likelihood of liability as a result of the employee's continued employment after the suicide attempt was a legitimate, non-discriminatory reason for termination. *Id.* Likewise, Aaron Rents's concern that Rainey's continued employment after attempting suicide would pose a safety and security risk to employees and customers was a legitimate, non-discriminatory reason for termination. And, Rainey did not come forward with any evidence to show that this reason was pretextual. Accordingly, Aaron Rents is entitled to summary judgment on Rainey's retaliation claim.

## III.    Conclusion

It is **ORDERED AND ADJUDGED** that Defendant Aaron Rents, Inc.'s Motion for Summary Judgment (Doc. Nos. 14, 15) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant Aaron Rents, Inc. and against Plaintiff Horace M. Rainey, Jr., and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of August, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of record
Pro Se Plaintiff